UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JOHN DOES 1-IV,
    Plaintiff(s)

                                                Case No. 9:12-cv-80883-KLR

v.

SUNRISE LABOR CORP., SALVADOR
HERNANDEZ, a/k/a "Chavas," FRANCISCO
HERNANDEZ, a/k/a "Poncho," and CLAUDIA
HERNANDEZ, a/k/a "Claudia Jimenez",
    Defendant(s).
_____/

## MOTION TO SET ASIDE ENTRY OF DEFAULT AND A MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

COMES NOW, the Defendants, SALVADOR HERNANDEZ ("SALVADOR"), CLAUDIA HERNANDEZ ("CLAUDIA") and FRANCISCO HERNANDEZ ("FRANCISCO"), collectively referred to as ("DEFENDANTS"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 55 (c), hereby move to set aside the Clerk's Default, which was entered on February 26, 2013 and move for an extension of time to respond to Complaint, and as grounds therefore state follows:

### I.    DEFAULT SHOULD BE SET ASIDE PURSUANT TO FED. R. CIV. P. 55 (c).

Fed. R. Civ. P. 55 (c) specifies that "[t]he court may set aside an entry of default for good cause." "Good cause" is a mutable standard which varies from situation to situation. It is also a liberal standard . . . ." *Sobkowski v. Wyeth, Inc.*, 2004 WL 3569703, *2 (M.D. Fla. 2004). The determination of whether to set aside a default is entrusted to the discretion of the Court. *U.S. v. One 1980 49 Foot Defender Yacht Lobster Vessel*, 566 F. Suupp. 106,108 (S.D. Fla. 1983). Any doubt as to whether default should be set aside is to be resolved in favor of setting aside the default so that the case may be decided on it merits. *In re Marcon Enterprises, Inc.*, 75 B.R. 125, 127 (M.D. Fla. 1987).

Prior decisions from the Southern District have noted that a court may set aside a default where: (1) the defaulting party's failure to answer the complaint is attributable to

excusable neglect; (2) the defaulting party took prompt corrective action after receiving notice of the entry of default; (3) the non-defaulting party will not be prejudiced; and (4) the defaulting party has asserted a meritorious defense. Carmody v. MHM Solutions, Inc., 2008 WL 2844038, *2 (S.D. Fla. 2008).

## A. DEFENDANTS' DELAY IN FILING THEIR ANSWER IS ATTRIBUTABLE TO EXCUSABLE NEGLECT.

"The Eleventh Circuit has noted that 'excusable neglect encompasses situations in which failure to comply with a filing deadline is due to negligence.' " *Id.* (quoting *Cheney v. Anchor Glass Container Corp.*, 71 F. 3d 848, 850 (11th Cir. 1990). In *Cheney*, the court explained that whether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission." *Id.* At 849-50. Furthermore, the Supreme Court has held that for purposes of the Federal Rules of Civil Procedure, " 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.*

The United States Supreme Court defined the "relevant circumstances surrounding the party's omission" to include "the dangers of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). The *Pioneer* Court adopted the "good faith" standard in order to overcome the possibility of parties "freely ignoring court-ordered deadlines in the hopes of winning a permission reprieve. *Id.* at 394-95. In addition, the Court went on to explain that "[i]n the absence of a [showing of bad faith] . . . we conclude that the unusual form of notice employed in this case requires a finding that the neglect of respondents' counsel was, under all the circumstances excusable." *Id.* at 398-99.

In the case at bar, there are several factors that contributed to the excusable neglect of DEFENDANTS inaction to respond to Plaintiff's complaint. DEFENDANTS' inaction was not in bad faith or due to sheer inaction. DEFENDANTS were served with the Complaint and immediately alerted their criminal attorney in New York and

2

immigration attorney. Unfortunately both attorneys, who are already retained by DEFENDANTS, were unable to assist in filing a response or answer to the Complaint. DEFENDANTS were advised by both attorneys to retain a civil litigation attorney to assist with this case. However, DEFENDANTS were unable to find an attorney who would take this case.

Only recently have DEFENDANTS been able to retain counsel for the case at hand. Immediately upon the agreement of legal services counsel began working on the case and realized an entry of clerk's default had in fact been entered.

Another obstacle that contributed to DEFENDANTS excusable neglect in good faith was due to a language barrier. DEFENDANTS primarily speak Spanish at home, work and all facets of everyday transactions and are therefore placed at a disadvantage because of their inability to read and write English fluently. Furthermore, the Complaint is nearly thirty (30) pages in length and difficult to read even for someone with a marginal grasp on the language.

Therefore with DEFENDANTS helplessness to read the Complaint coupled with their good faith effort retain an attorney for this case left them with an inability to respond. Once DEFENDANTS retained undersigned counsel this Motion to Set Aside the Entry of Default was submitted.

WHEREFORE, the DEFENDANTS respectfully request this Court to grant the Motion to Set Aside the Entry of Default and grant DEFENDANTS an additional thirty (30) days to serve its answer or motion or other response to Plaintiff's Complaint and to respond to Plaintiff's Motion and Memorandum in Support of Plaintiff's Request to File this Suit Anonymously.

Respectfully submitted this the 20th day of March, 2013.

CARMENATES LAW FIRM, PA

By: s/Nelson Carmenates
Carmenates Law Firm, PA
FBN: 22396
1414 NW 107th Ave, Suit 410
Miami, Florida 33172
Tel: (786) 999-6472
Fax: (786) 999-6473
Email: nelson@dacalaw.com

*Counsel for Defendants*


MERCY B. PINA-BRITO, P.A.

By: s/Mercy Pina-Brito
Pina-Brito & Associates, P.A.
8900 SW 107th Ave Ste 200
Miami, Florida 331761451
Facsimile No.: (305) 444-9691
Florida Bar Number: 0135161

*Co-Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was sent via E-Mail and US Mail to the person(s) listed below on March 20, 2013:

Jane W. Moscowitz, Esq.
Moscowitz & Moscowitz, P.A.
1111 Brickell Ave, Suite 2050
Miami, FL 33131
jmoscowitz@moscowitz.com

Steven Wolowitz, Esq.
Allison M. Stowell, Esq.
Meghan Morrison Silver, Esq.
Thomas G. Strong, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019

*Counsel for Plaintiffs*

James C. Polkinghorn Esq.
Kenneth A. Knox, Esq.
Fisher & Phillips LLP
450 East Las Olas Blvd, Suite 800
Ft. Lauderdale, FL 33301

Ann Margaret Pointer, Esq.
Fisher & Phillips LLP
1075 Peachtree St., N.E., Suite 3500
Atlanta, GA 30309

*Counsel for Defendant Sunrise Labor Corp.*

CARMENATES LAW FIRM, PA

By: s/Nelson Carmenates
Nelson Carmenates, Esq.
FBN: 22396
1414 NW 107th Ave, Suit 410
Miami, Florida 33172
Tel: (786) 999-6472
Fax: (786) 999-6473
Email: nelson@dacalaw.com