UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 12-CV-80883-RYSKAMP/HOPKINS

JOHN DOES I-IV,

    Plaintiffs,

v.

SUNRISE LABOR CORP. et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO SET ASIDE ENTRY OF DEFAULT

**THIS CAUSE** comes before the Court on Defendants Salvador Hernandez, Francisco Hernandez, and Claudia Hernadez's (collectively, "Hernandez Defendants") motion to set aside an entry of default **[DE 44]** filed on March 27, 2013. Plaintiffs filed a response in opposition **[DE 49]** on April 15, 2013. No reply was filed and the time to do so has expired. This motion is ripe for adjudication.

**I.**    **Background**

This is an action brought under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 *et. seq.* for forced labor and trafficking with respect to peonage. Plaintiffs, currently proceeding as John Does I-IV, allege, *inter alia*, that the Hernandez Defendants smuggled them in to the country from Mexico only to subject them to harsh working and living conditions, physical and mental abuse, threats, harassment, and forced labor. Plaintiffs served Defendants Salvador and Claudia Hernandez on or about October 23, 2012. Defendant Francisco Hernandez, who was then in federal custody, was served on November 15, 2012.

While the Federal Rules direct a defendant to serve a responsive pleading within 21 days after being served with the summons and complaint, at the request of Defendant Sunrise Labor Corp. ("Sunrise"), the Court extended the time for all Defendants to respond to the complaint to December 13, 2012. On Sunrise's motion, the Court extended the time for Sunrise to file a response to January 23, 2013 on December 11, 2012. In the order, the Court specifically noted that the extension applied only to Sunrise and that the Hernandez Defendants were required to serve a responsive pleading by December 13, 2012. No response was served, however.

On January 29, 2013, the Court entered an order to show cause as to why the Hernandez Defendants had not filed a responsive pleading. The Court directed to the Hernandez Defendants to respond to the order within 20 days, effectively extending the deadline to file a responsive pleading to February 18, 2013. The Hernandez Defendants did not respond nor filed a responsive pleading.

On February 22, 2013, Plaintiffs moved for a clerk's entry of default, which was entered on February 26, 2013. Nearly a month after the entry of default, on March 21, 2013, the Hernandez Defendants appeared in this action for the first time, filing their current motion to vacate the entry of default. In support, they argue that (1) they were unable to retain attorneys to handle this matter and (2) they primarily speak Spanish and were at a disadvantage to read and understand the complaint. On these grounds, the Hernandez Defendants argue that the default was not willful or culpable and good cause exists to set aside the entry of default.

II.     **Legal Standard on Setting Aside a Default**

Rule 55(c) of the Federal Rules of Civil Procedure states that "the court may set aside an entry of default for good cause." The "good cause" standard is a liberal one. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951

(11th Cir.1996). Although "'good cause' is not susceptible to a precise formula," the Eleventh Circuit has set out some factors which may aid the court in its determination. *Id.* These factors include, but are not limited to, (1) "whether the default was culpable or willful" which entails an assessment of the plausibility of the defaulting party's excuse; (2) "whether setting [the default] aside would prejudice the adversary," (3) "whether the defaulting party presents a meritorious defense," and (4) "whether the defaulting party acted promptly to correct the default." *Id.*; *see also Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (quoting *Compania Interamericana* for the proposition that the Eleventh Circuit has established "'some general guidelines,'" which although not "'talismanic,'" may guide the court's Rule 55(c) "good cause" determination). "In short, the essence of Rule 55(c) is that an entry of default may be set aside if the party in default demonstrates 'good cause,' Fed. R. Civ. 55(c), and, as established in this circuit, the foregoing factors provide a means to assist the court in ascertaining whether such cause exists." *Hinson v. Webster Indus.*, 240 F.R.D. 687, 690 (M.D. Ala. 2007); *see Compania Interamericana,* 88 F.3d at 951 ("Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default.").

### III. Discussion

The Court finds the Hernandez Defendants have not demonstrated "good cause" to set aside the entry of default. The Hernandez Defendants failed to appear in this action for over 4 months after being served with the summons and complaint. The Court extended the time for the Hernandez Defendants to file a responsive pleading, despite not having moved for such relief, until December 13, 2012. The Court offered the Hernandez Defendants a second reprieve when it allowed them until February 18, 2013 to file a response to the Court's order to show cause as

to why they had not filed a response to the complaint. The Hernandez Defendants waited until almost a month after the clerk's entry of default to move to set it aside. Here, the Court finds that the Hernandez Defendants have had "ample opportunity to comply with court orders but [has] faile[ed] to effect any compliance." *Compania Interamericana*, 88 F.3d at 952. Therefore, the Hernandez Defendants' conduct may be deemed willful, and their motion to set aside the entry for default may be denied on this basis. *See id.* at 951–52.

Further, the Court fails to find the Hernandez Defendants' proffered reasons to set aside the entry of default compelling. They claim they immediately consulted their criminal defense attorneys, who advised them to retain a civil litigation attorney, but they were unable to find an attorney to take the case. At most, however, this demonstrates that the Hernandez Defendants were aware of the pending claims against them from the time of service yet failed to take any action to notify Plaintiffs or the Court that they intended to defend themselves in this action and were searching for an attorney. This also dilutes their argument that because they primarily speak and read Spanish they were unable to adequately respond to the complaint. Indeed, to this day, the Hernandez Defendants have failed to provide the Court with any support of the existence of a meritorious defense to the claims against them. In all, the Court finds that the Hernandez Defendants failure to demonstrate a substantive defense, the untimely nature of this motion, and the lack of adequate explanation for defaulting support the finding that their conduct was willful and good cause does not exist to set aside the clerk's entry of default in this instance.

## IV. Conclusion

The Court has carefully considered the motion, response, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Hernandez Defendants' motion to set aside the entry of default **[DE 44]** is **DENIED**.  Plaintiffs shall file a motion for final default judgment within 14 days of this order and include extrinsic evidence to support a claim for damages to an amount certain.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 6 day of May, 2013.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE