UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN DOES I-IV,                                             CASE NO.:    2012-80883 KLR

       Plaintiff,
vs.

SUNRISE LABOR CORP., SALVADOR
HERNANDEZ, aka "CHAVAS", FRANCISCO
HERNANDEZ, aka "Poncho", and CLAUDIA
HERNANDEZ, aka "Claudia Jimenez"

       Defendant(s).
_____/

**DEFENDENTS' MOTION FOR REHEARING, CLARIFICATION
AND/OR RECONSIDERATION**

COME NOW the Defendants, SALVADOR HERNANDEZ, aka "CHAVAS", FRANCISCO HERNANDEZ, aka "Poncho", and CLAUDIA HERNANDEZ, aka "Claudia Jimenez (hereinafter collectively referred to as "DEFENDANTS"), by and through their undersigned attorneys, and hereby files their Motion for Rehearing, Clarification and/or Reconsideration of the Court's Order denying these Defendants Renewed Motion to Set Aside Default, and states:

STATEMENT OF THE PERTINENT FACTS

1. The subject civil action filed by anonymous Plaintiffs on August 20, 2012 alleges various claims against these Defendants requesting relief for acts allegedly related to their work relationship while they were employed by Sunrise Labor Corp.

2. This action was initially served upon Defendant Claudia and Salvador Hernandez on or about October 22, 2012 with an Answer due by November 13, 2012; and Francisco Hernandez was served on December 3, 2012 with a response date of December 24, 2012.

3. At all times material to this action, these Defendants are parties to a pending criminal action in New York related to the allegations raised in the subject Complaint.

4. The Summons(es) directed these Defendants to serve an answer or motion to Jane W. Moscowitz, Esq. at Moscowitz & Moscowitz PA, 1111 Brickell Ave. #2050, Miami, FL 33131.

5. The Court entered an Order to extend the time to respond to December 13, 2012 and a subsequent Order to Show Cause giving these Defendants until February 18, 2013 to file their responses. The Clerk entered an Order of Default as to these Defendants on February 26, 2013.

6. The Law Offices of Pina-Brito & Associates PA[i] and the Carmenates Law Firm entered an appearance on March 22, 2013 and a Motion to Set Aside Default was duly filed and which was subsequently re-filed to include a good faith certificate.

7. In the interim, the Court entered an Order staying the matter as to Defendant Sunrise Labor which was continued on April 1, 2013.

8. The Defendants' Renewed Motion to Set Aside Default was denied by the Court on May 6, 2013.

**ARGUMENT**

9. The Court ruling is that the Defendants have not demonstrated "good cause" to set aside the default. That these Defendants failed to appear in the matter for over four months and that despite having been given ample time to respond they failed to provide any valid reason for not doing so even after the Court issued a Rule to Show Cause. In summary, the Court did not find that an adequate explanation was provided for these Defendants' failure to act.

10. There is no question that the Court provided these Defendants with ample time to file a response to the Plaintiff's allegations, but two very compelling reasons prevented them from proceeding. First, these Defendants have limited resources and are not savvy. They relied on misinformation from others within the legal system. In fact, at the time they did not even know how to respond. These Defendants contacted Ms. Moscowitz' office on where they had to enter an appearance and they were advised to seek counsel. They were strongly urged to retain counsel but no one would take the case given their limited resources and the complexity of the matter.

11. Ultimately, and the most compelling reason why they were not able to respond and why undersigned were not able to provide a meritorious defense is their inability to speak as to the claims due to the imminent danger in waiving their right against self-incrimination under the Fifth Amendment even if made in an unrelated civil or administrative matter. *Kastigar v. United States*, 406 US 441, 443 (1972); *Maness v. Meyers*, 419 US 449, 461-461 (1975); and see also, *Lefkowitz v. Turley*, 414 US 70, 84-85 (1973).

12. Confusion as to what extent provision of information to support defenses in this matter would "open the door" to scrutiny in these Defendant respective criminal matters made it impossible to prepare any substantive defenses.

13. The undersigned pleas that the Court reconsider denying the motion to set aside the default in order to allow these Defendants to preserve their right to raise their defenses to Plaintiff's claims, or alternatively stay ruling on the motion to set aside until these Defendants can properly respond to Plaintiff's claims.

14. This motion is not done for the purpose of delay or for any other improper purpose.

CASE NO.:    2012-80883 KLR
Page 4 of 6

15.     Counsel for Plaintiff has been contacted regarding the substance of this motion and has advised undersigned that they will oppose.

WHEREFORE, the DEFENDANTS move for and request this Court to enter its Order of granting this motion and/or any other relief this Court deems just and proper.

Respectfully submitted,

By:____/s/Mercy B. Pina-Brito_____
**MERCY B. PINA-BRITO, ESQ.**
Pina-Brito & Associates P.A.
8900 S.W. 107th Avenue,
Ste. 200
Miami, Florida 33176
Tel.: (305) 274-1565/(888)643-9994
Fax:(305)274-4214
F.B.N.: 0135161

## CERTIFICATE OF COMPLIANCE WITH S.D.FLA.I.R.7.1

I HEREBY CERTIFY that counsel for the DEFENDANTS has conferred with the PLAINTIFF's attorneys in a good faith effort to resolve the issues raised in this motion and have been unable to do so. The PLAINTIFF's counsel reported that the PLAINTIFF disagrees with such a motion.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via electronic mail and US Mail to: Jane Moscowitz, Esq., Moscowitz & Moscowitz, PA, 1111 Brickell Ave., Suite 2050, Miami, FL 33131, jmoscowitz@moscowitz.com; Steven Wolowitz, Esq., Allison Stowell, Esq., Megahan Morrison Silver, Esq., Thomas G. Strong, Esq., Mayer Brown LLP 1675 Broadway New York, New York 10019, *Attorneys for Plaintiffs*, James Plokinhorn Esq., Kenneth A. Knox, Esq., Fisher & Phillips LLP 450 East Las Olas, Blvd. Suite 800, Ft. Lauderdale, FL 33301, and Ann Margaret Pointer, Esq. Fisher & Phillips LLP, 1075

Peachtree St., NE, Suite 3500, Atlanta, GA 30309, *Attorney for Defendant Sunrise Labor* on this 15th day of May, 2013.

        *Counsel for Hernandez Defendants*

        Carmenates Law Firm PA
        1414 NW 107th Avenue
        Ste. 410
        Miami, Florida 33172
        Tel.: (786) 999-6472
        Fax: (786) 999-6473
By:_____/s/Nelson Carmenates_____
        Nelson Carmenates, Esquire
        Florida Bar Number:  22396

        *Co-Counsel for Hernandez Defendants*

        Pina-Brito & Associates P.A.
        8900 S.W. 107th Avenue,
        Ste. 200
        Miami, Florida 33176
        Tel.: (305) 274-1565/(888)643-9994
        Fax:(305)274-4214
By:_____/s/Mercy B. Pina-Brito_____
        Mercy B. Pina-Brito, Esquire
        Florida Bar Number:  135161

CASE NO.:    2012-80883 KLR
Page 6 of 6

---

[i] The undersigned would like the Court to take judicial notice that she has been receiving the electronic filings of this case to email address that are either inactive, inoperative or not in use despite her efforts to timely notify the Court of the new email address and update the system with her Notice of Change of Address filed on March 27, 2013.