UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN DOES I-IV

    Plaintiffs,

vs.

SUNRISE LABOR CORP., SALVADOR HERNANDEZ, a/k/a "Chavas," FRANCISCO HERNANDEZ, a/k/a "Poncho," and CLAUDIA HERNANDEZ, a/k/a "Claudia Jimenez"

    Defendants.

Civil Action No. 9:12-cv-80883-KLR

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE MOTION OF SALVADOR HERNANDEZ, FRANCISCO HERNANDEZ, AND CLAUDIA HERNANDEZ FOR REHEARING, CLARIFICATION AND/OR RECONSIDERATION**

    1.    Plaintiffs John Does I-IV ("Plaintiffs") respectfully submit this memorandum of law in opposition to the Motion of Salvador Hernandez, Francisco Hernandez, and Claudia Hernandez (collectively, the "Hernandez Defendants") for Rehearing, Clarification, and/or Reconsideration (the "Motion").

    2.    The Court properly found in its Order that the "Hernandez Defendants' failure to demonstrate a substantive defense, the untimely nature of this motion, and the lack of adequate explanation for defaulting support the finding that their conduct was willful and good cause does not exist to set aside the clerk's entry of default in this instance." Order Denying Motion to Set Aside Entry of Default, May 6, 2013, p. 4 (ECF No. 63) ("Order"). Nothing in the Hernandez Defendants' Motion dislodges this finding, let alone meets the high standard required for a

1

motion for reconsideration to be granted. They provide no intervening change in controlling law, newly available evidence, or the need to correct clear error or manifest injustice. Instead, the Hernandez Defendants admit that "[t]here is no question that the Court provided these Defendants with ample time to file a response to the Plaintiff's allegations." Motion at ¶ 10. The Motion should be denied.

3. As this Court has written, "[a] motion for reconsideration must 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Mann v. Barnard Const. Co., Inc.*, No. 08-81108-CIV, 2009 WL 3667078, at *2 (S.D. Fla. Oct. 26, 2009) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002)). It "should not be used as a vehicle to reiterate arguments previously made or to present issues or cite authorities the party should have presented prior to the court's ruling." *Pines Properties, Inc. v. American Marine Bank*, No. 00-8041-CIV, 2004 WL 5562664, at *1 (Jan. 15, 2008 S.D. Fla.) (citing *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992)). "Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or manifest injustice." *Id.* (citing *Sussman v. Salem, Saxon & Nieldsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). The Hernandez Defendants fail to meet any of these grounds, pointing to no change in law, new evidence, or clear error or manifest injustice needing to be corrected.

4. Indeed, because the facts and arguments laid out in the Motion were known and available at the time the Hernandez Defendants submitted their original Motion to Set Aside Entry of Default, those facts and arguments have been waived and should not now be considered by the Court: "[e]vidence which was available to a party during the pendency of [an earlier motion] may not later be introduced on a motion to reconsider." *Id.* (quoting *Sussman*, 153 at

695); *see also Townhouses of Highland Beach Condominium Ass'n, Inc. v. QBE Ins. Corp.*, 504 F.Supp.2d 1307, 1311 (S.D. Fla. 2007) ("Since Defendant did not raise this argument in its Motion to Dismiss, the argument has been waived and Defendant may not raise it in a motion for reconsideration.").

5. Even were the Court to consider the arguments, however, the Motion should be denied. The additional facts that the Hernandez Defendants "contacted Ms. Moscowitz's office on where they had to enter an appearance and they were advised to seek counsel" and, further, that they "were strongly urged to retain counsel" only further evidences the veracity of the Court's reasoning that the Hernandezes "were aware of the pending claims against them from the time of service yet failed to take any action to notify Plaintiffs or the Court that they intended to defend themselves in this action and were searching for an attorney." Order at p. 4. After a very brief, confused call in which Salvador Hernandez (apparently) stated he received a notice from the court,[1] the Hernandez Defendants failed to take any action for a very long period of time, failing then or in any other way to indicate in any way to Plaintiffs an intention to appear or participate in this action or otherwise address Plaintiffs' claims.

6. Moreover, the Hernandez Defendants provide no support for the bizarre proposition that they failed to appear in this action, answer Plaintiffs' Complaint, or provide a meritorious defense "due to the imminent danger in waiving their right against self-incrimination under the Fifth Amendment." Motion at ¶ 11. *Kastigar v. U.S.,* 406 U.S. 441(1972), involves the invocation of the Fifth Amendment during grand jury testimony, *id.* at 442; *Manness v. Meyers,* 419 U.S. 449, (1975), regards the invocation of the Fifth Amendment in producing

---

[1] Plaintiffs strongly dispute the characterization of this very brief conversation as one regarding "where [the Hernandez Defendants] had to enter an appearance and they were advised to seek counsel." Motion ¶ 10.

documents, *id.* at 461-62; and *Lefkowitz v. Turley,* 414 U.S. 70 (1973), involves the invocation of the privilege in connection with government contracts, *id.* at 70.

7. In short, the Hernandez Defendants have utterly failed to meet the high standard required to for their Motion to be granted. Accordingly, Plaintiffs respectfully request that the Hernandez Defendants' Motion be denied.

Dated: June 3, 2013
Miami, Florida

MOSCOWITZ & MOSCOWITZ, P.A.

MAYER BROWN LLP
Steven Wolowitz
Allison M. Stowell
Meghan Morrison Silver
1675 Broadway
New York, New York 10019
Tel:   (212) 506-2500
Fax:  (212) 506-1910

(*Counsel*)

and

WORKER JUSTICE CENTER OF NEW YORK
David O. Irving
1187 Culver Road
Rochester, New York 14609-5448
Tel:   (585) 325-3050
Fax:  (585) 325-7614

(*Counsel*)

By *s/Jane W. Moscowitz*
MOSCOWITZ & MOSCOWITZ, P.A.
Jane W. Moscowitz
Florida Bar No. 586498
1111 Brickell Avenue
Suite 2050
Miami, FL 33131
Telephone:  (305) 379-8300
Fax:  (305) 379-4404
Email:  jmoscowitz@moscowitz.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiffs' Response in Opposition to the Motion of Salvador Hernandez, Francisco Hernandez, and Claudia Hernandez for Rehearing, Clarification and/or Reconsideration was served on June 3, 2013, on all counsel identified on the Service List, below.

*s/Jane W. Moscowitz*
Jane W. Moscowitz

Civil Action No.: 9:12-cv-80883-KLR

**SERVICE LIST**

Fisher & Phillips LLP
James C. Polkinghorn, Esquire
Kenneth A. Knox, Esquire
450 East Las Olas Boulevard, Suite 800
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-4800
Fax: (954) 525-8739

Ann Margaret Pointer, Esquire
1075 Peachtree St., N.E., Suite 3500
Atlanta, Georgia 30309

Nelson Carmenates, Esquire
Carmenates Law Firm, PA
14414 NW 107th Avenue
Suite 410
Miami, FL 33172