UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 12-CV-80883-RYSKAMP

JOHN DOES I-IV,

    Plaintiff,

v.

SUNRISE LABOR CORP., SALVADOR
HERNANDEZ, aka "CHAVAS", FRANCISCO
HERNANDEZ, aka "Poncho", and CLAUDIA
HERNANDEZ, aka "Claudia Jimenez"

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court upon Defendants Salvador, Francisco, and Claudia Hernandez's (collectively, Hernandez Defendants) motion for reconsideration **[DE 64]** filed on June 3, 2013. Defendant seeks reconsideration of the Courts May 6, 2013 Order **[DE 63]** denying its motion to set aside default. Defendants claim two reasons prevented them from filing a response to Plaintiff's allegations. First, the Defendants have limited resources and are not savvy. Second, the Defendants were unable to speak as to the claims due to the imminent danger of waiving their right against self-incrimination under the Fifth Amendment. As discussed below, neither of these reasons justifies relief.

Reconsideration of an order is appropriate in cases of "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994); *see also Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (quoting *In re Halko*,

203 B.R. 668, 671-72 (Bankr. N.D. Ill. 1996)) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment.").

Defendants contend that there was confusion as to what extent providing information to support defenses in this matter would "open the door" to scrutiny in their respective criminal matters, and therefore, it was impossible to prepare any substantive defenses. In its order denying Defendant's motion to set aside entry of default, the Court noted that Defendants had ample time to find attorneys or at least notify the Plaintiff or the Court that they intended to respond to the complaints and were searching for an attorney. If the Defendants had found an attorney in the time they were given, they would have been advised of their rights and the possibility, if any, of self-incrimination. Defendants' response therefore, would not be delayed by the fear of self-incrimination; rather this reason is another way of stating that they did not find a lawyer in the time given to them. Defendant's present arguments for reconsideration do not justify extraordinary relief under Rule 59(e). *See* Fed. R. Civ. P. 59(e).

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Hernandez Defendants' motion for reconsideration **[DE 64]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 23 day of July, 2013.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE