**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**WEST PALM BEACH DIVISION**

Civil Action No. 9:12-cv-80883-KLR

JOHN DOES I-IV

      Plaintiffs,

      vs.

SUNRISE LABOR CORP., SALVADOR
HERNANDEZ, a/k/a "Chavas," FRANCISCO
HERNANDEZ, a/k/a "Poncho," and CLAUDIA
HERNANDEZ, a/k/a "Claudia Jimenez"

      Defendants.

**Stipulation of Dismissal of Fair Labor Standards Act Claims
Against Defendant Sunrise Labor Corp.
or, in the Alternative,
Joint Motion for Approval of Settlement and Dismissal with Prejudice
of Fair Labor Standards Act Claims Against Sunrise Labor Corp.
<u>and Memorandum of Law in Support Thereof</u>**

Based on an agreement between Plaintiffs **John Does I-IV** ("Plaintiffs") and Defendant

**Sunrise Labor Corp.** ("Sunrise" and, jointly with Plaintiffs, the "Parties") in which Sunrise

agrees to pay or cause to be paid *all allegedly unpaid wages and an equal amount as liquidated*

*damages* claimed by Plaintiffs under Section 216(b) of the Fair Labor Standards Act, 29 U.S.C.

§§ 201-219, ("FLSA Claims") in Plaintiffs' Motion for Default Judgment Against Salvador

Hernandez, Francisco Hernandez and Claudia Hernandez, dated July 3, 2013 (DE 73) (Motion

for Default Judgment"), the Parties stipulate through undersigned counsel to the dismissal with

prejudice of all FLSA Claims in this action as against Sunrise, with the Parties to pay their

respective attorneys' fees and costs.

2

In the alternative, the Parties submit this, their Joint Motion for Approval of Settlement and Dismissal with Prejudice of Fair Labor Standards Act Claims Against Sunrise Labor Corp. ('Stipulation or Alternative Joint Motion"), in this action, with the Parties to pay their respective attorneys' fees and costs.

All claims made by Plaintiffs against Sunrise in the above-captioned action are the subject of a confidential Comprehensive Settlement Agreement and Release of Claims ("Comprehensive Settlement Agreement"), which agreement is separate from this Stipulation or Alternative Joint Motion. The Comprehensive Settlement Agreement will not be effective or binding unless and until the FLSA Claims are dismissed in accordance with this Stipulation or Alternative Joint Motion.

In so stipulating and, in the alternative, moving, the parties take into account the Orders of the Honorable Kenneth L. Ryskamp dated May 29, 2013 (DE 67) ("May 29, 2013 Order") and June 14, 2013 (DE 69), as well as the Parties' Notice of Agreement, dated April 24, 2013 (DE 61), filed following a mediation held on April 24, 2013 before the Honorable Peter Palermo, Senior United States Magistrate Judge of the United States District Court for the Southern District of Florida ("Mediation").

### All FLSA Claims, Although Disputed by Sunrise, Are Fully Compensated.

Following the Mediation, on July 3, 2013, Plaintiffs filed a Motion for Default Judgment against defendants Salvador Hernandez, Francisco Hernandez, and Claudia Hernandez ("the Hernandez Defendants"), which contained supporting affidavits and other evidence (DE 73). In their Motion, Plaintiffs provided factual basis for their FLSA Claims against the Hernandez Defendants, including their falling within scope of the definition of "employers" under Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), the amounts claimed on behalf of John

Does I, II and IV, and the basis for those claims.  The FLSA Claims in this action are asserted against Sunrise and the Hernandez Defendants jointly as alleged "employers" under the FLSA.

In Exhibit 9 submitted with their Motion for Default Judgment (DE 73-1 Ex. 9), Plaintiffs claim that John Does I, II, and IV are each entitled to the sum of $1,669.50 in alleged unpaid wages pursuant to the FLSA.  They further claim that each is entitled to an additional sum of $1,669.50 as liquidated damages, an amount equal to the alleged unpaid wages, pursuant to 29 U.S.C. § 216(b).  Accordingly, their respective FLSA Claims each total $3,339.00, which amount resolves and fully compensates John Does I, II and IV for all alleged unpaid wages and liquidated damages under the FLSA.  While disputing Plaintiffs' allegations and contending their claims are false, Sunrise is willing to resolve Plaintiffs' FLSA Claims in full by arranging for the payment of these claimed wages and liquidated damages in full in connection with the Comprehensive Settlement Agreement.

Counsel for Plaintiffs, who are representing Plaintiffs on a pro bono basis, hereby state that they make no claim for attorneys' fees, expenses or costs against the wages and liquidated damage amounts or otherwise against Plaintiffs, Sunrise, or other parties released[1] in the Comprehensive Settlement Agreement, although they do not release claims for attorneys' fees, expenses or costs as against the Hernandez Defendants.

The Parties are aware that the amounts to be paid to Plaintiffs John Does I, II and IV pursuant to this Stipulation or Alternative Joint Motion represent payments in lieu of wages allegedly previously due and that Sunrise, or an agent acting on behalf of Sunrise making such payments, must withhold taxes and make contributions for Medicare and Social Security on payments made to resolve the FLSA Claims in accordance with applicable tax requirements.  Further, payments made in satisfaction of liquidated damages must be reported to tax authorities

---

[1] The Hernandez Defendants are not among the parties released in the Comprehensive Settlement Agreement.

and may be subject to backup withholding taxes in accordance with applicable tax requirements. Plaintiffs will provide Sunrise with appropriate tax forms prior to payment being made to them.

As reflected in the Protective Order filed concurrently with this Stipulation and Joint Motion, the Parties have agreed that Counsel for Sunrise, Sunrise's Corporate Secretary, and certain personnel of YCO & Associates, Inc. and/or YCO Labor Corporation, entities that perform services for Sunrise and that can serve as payroll processor for Sunrise, shall be provided Plaintiffs' identities to facilitate payments, deductions and contributions, and also to address concerns raised by the Court in its May 29, 2013 Order.  (As reflected in the Protective Order, Sunrise itself is willing to forego having Plaintiffs' identities in its offices and computers at this time in light of the contentions made by Plaintiffs regarding their safety.)  Namely, Sunrise and other parties released in the Comprehensive Settlement Agreement may protect themselves from future suit by the same individual Plaintiffs:  in accordance with the Comprehensive Settlement Agreement, following notice to Plaintiffs' Counsel, Sunrise may disclose Plaintiffs' identities and the Comprehensive Settlement Agreement insofar as reasonably necessary to obtain dismissal of any future claims brought by Plaintiffs in violation of the Comprehensive Settlement Agreement.

Moreover, as raised in the May 29, 2013 Order, an independent third party, a Florida-certified mediator, has verified or shall verify Plaintiffs' employment with Sunrise, and particularly, Plaintiffs John Does I, II and IV's employment with Sunrise in 2009, through its payroll documents.  The Parties note that an independent third party was selected following the apparent retirement of the Honorable Judge Peter R. Palermo.

The parties are aware of the requirements in this Circuit as interpreted by the Courts under *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir.

1982), as discussed in *Nall v. Mal-Motels, Inc.*, No. 12-13528, 2013 WL 3871011 (11th Cir. July 29, 2013), and as reflected in the May 29, 2013 Order (DE 67).  They respectfully submit that in accordance with the Order of Dismissal entered in *Oristil v. Western Carolina Produce, Inc.*, C.A. No. 13-20361 (May 14, 2013) (DE 29) ("*Oristil* Order of Dismissal), a copy of which is attached, "where[,]" as in this case, "a plaintiff is offered full compensation on his or her FLSA claim, no compromise is involved, and judicial approval is not required."  *Id.* (citing *MacKenzie v. Kindred Hospital East, LLC*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003)).  Thus, given that Sunrise has agreed to pay, or cause to be paid, the full payment of all alleged wages and liquidated damages claimed by Plaintiffs John Does I, II and IV in the Motion for Default Judgment, Plaintiffs have been offered and will be provided full compensation for their FLSA Claims.  Thus, it appears that judicial approval of the dismissal of this action on the terms set forth herein is not required.

Further, as reflected in the *Oristil* Order of Dismissal and the May 29, 2013 Order, court approval is not required for the settlement of non-FLSA claims.  *See Oristil*, No. 13-20361, DE 29 at fn. 1 (citing *Church v. Conrad Yelvington Distribs., Inc.*, No. 6:10-cv-1100-ORL-22, 2011 U.S. Dist. LEXIS 136203, at * 4 (M.D. Fla., Nov. 10, 2011)) ("[T]o the extent this [settlement] amount is for the release of non-FLSA claims, it is extraneous to the matters under review here and need not be approved by the court.").  Accordingly, the Parties do not present the Comprehensive Settlement Agreement in which all of Plaintiffs' other claims against Sunrise are resolved and Sunrise, as well as other parties, are released.

Therefore, in accordance with this Stipulation or Alternative Joint Motion, the Parties respectfully request the entry of an Order dismissing all claims raised in this action against

Sunrise under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, with prejudice, with each

party to bear his or its own costs and attorneys' fees and expenses with respect to such claims.

By  /s/ Jane W. Moscowitz
MOSCOWITZ & MOSCOWITZ, P.A.
Jane W. Moscowitz
Florida Bar No. 586498
1111 Brickell Avenue
Suite 2050
Miami, FL 33131
Telephone:  (305) 379-8300
Fax:  (305) 379-4404
Email:  jmoscowitz@moscowitz.com


MAYER BROWN LLP
Steven Wolowitz
Allison M. Stowell
Meghan Morrison Silver
1675 Broadway
New York, New York 10019
Telephone:  (212) 506-2500
Fax:  (212) 506-1910
Email:  astowell@mayerbrown.com
Email:  msilver@mayerbrown.com
Email:  swolowitz@mayerbrown.com
*Admitted Pro Hac Vice*

*and*

WORKER JUSTICE CENTER OF NEW YORK
David O. Irving
1187 Culver Road
Rochester, New York 14609-5448
Telephone:  (585) 325-3050
Fax:  (585) 325-7614
Email:  dirving@wjcny.org
*Admitted Pro Hac Vice*

 *(Counsel)*

 *Attorneys for Plaintiffs*

By  /s/ Kenneth A. Knox
FISHER & PHILLIPS LLP
Kenneth A. Knox
Florida Bar No. 0829455
James C. Polkinghorn
Florida Bar No. 376892
450 East Las Olas Boulevard, Suite 800
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-4800
Fax: (954) 525-8739
Email:  kknox@laborlawyers.com
Email:  jpolkinghorn@laborlawyers.com


Ann Margaret Pointer
Georgia Bar No. 528750
1075 Peachtree St., N.E., Suite 3500
Atlanta, Georgia 30309
Telephone:  (404) 231-1400
 Fax:  (404) 240-4249
 Email:  apointer@laborlawyers.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant Sunrise Labor Corp.*

Exhibit to Stipulation or Alternative Joint Motion,
John Does I-IV v. Sunrise Labor Corp., et al. CA: No. 9:12-cv-80883-KLR

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO. 13-20361-CIV-ALTONAGA/Simonton

**LAFORTUNE ORISTIL**, *et al.*,

      Plaintiffs,

vs.

**WESTERN CAROLINA
PRODUCE, INC.**, *et al.*,

      Defendants.

_____/

## ORDER DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** came before the Court upon the Plaintiffs, Lafortune Oristil and Miselia Saintil (collectively, "Plaintiffs"), and Defendant, Rockland Growers, Inc.'s ("Rockland['s]") "Stipulation of Dismissal of Action Against Defendant Rockland . . ." (the "Notice") [ECF No. 26], filed May 9, 2013. Plaintiffs and Rocklack have settled the claims against Rockland, involving claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and jointly represent that "the amount agreed to be paid by Rockland . . . fully compensates Plaintiffs for all claimed FLSA wages . . . . (Notice 2).[1] While settlement of FLSA claims typically requires court approval, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), where a plaintiff is offered full compensation on his or her FLSA claim,

---

[1] Although Plaintiffs and Rockland have additionally agreed to settle non-FLSA claims, judicial approval is not necessary for non-FLSA claims, and therefore the Court makes no finding with respect to the settlement of these other claims. *See Church v. Conrad Yelvington Distribs., Inc.*, Case No. 6:10-cv-1100-Orl-22DAB, 2011 U.S. Dist. LEXIS 136203, at *4 (M.D. Fla. Nov. 10, 2011) ("[T]o the extent this [settlement] amount is for release of non-FLSA claims, it is extraneous to the matters under review here and need not be approved by the Court.").

CASE NO. 13-20361-CIV-ALTONAGA

Exhibit to Stipulation or Alternative Joint Motion,
John Does I-IV v. Sunrise Labor Corp., et al. CA: No. 9:12-cv-80883-KLR

no compromise is involved, and judicial approval is not required. *See Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003). Therefore, it is

**ORDERED AND ADJUDGED** as follows:

1.      Plaintiffs and Rockland's joint request in their Notice **[ECF No. 26]** is **GRANTED**.

2.      This action against Rockland is **DISMISSED with prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of May, 2013.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2013, I electronically filed this

**Stipulation of Dismissal of Fair Labor Standards Act Claims Against Defendant Sunrise**

**Labor Corp. or, in the Alternative, Joint Motion for Approval of Settlement and Dismissal**

**with Prejudice of Fair Labor Standards Act Claims Against Sunrise Labor Corp. and**

**Memorandum of Law in Support Thereof** with the Clerk of Court using the CM/ECF system

with the Clerk of Court.  I also certify that the foregoing document is being served this day on all

counsel of record or pro se parties identified on the attached Service List in the manner specified,

either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel or parties who are not authorized to receive electronically

Notices of Electronic Filing.

By  /s/ Jane W. Moscowitz
Moscowitz & Moscowitz, P.A.
Jane W. Moscowitz
Florida Bar No. 586498
1111 Brickell Avenue
Suite 2050
Miami, FL 33131
Telephone:  (305) 379-8300
Fax:  (305) 379-4404
Email:  jmoscowitz@moscowitz.com

*Attorneys for Plaintiffs John Does I-IV*

8

<u>**SERVICE LIST**</u>
**CASE NO.  12-CV-80883-KLR**

Kenneth A. Knox
Fischer & Phillips LLP
450 East Las Olas Boulevard, Suite 800
Ft. Lauderdale, Florida 33301

Ann Margaret Pointer
Fisher & Phillips LLP
1075 Peachtree St., N.E., Suite 3500
Atlanta, Georgia 30309

Mercy Pina-Brito, Esquire
Pina-Brito & Associates, P.A.
8900 SW 107th Avenue
Suite 200
Miami, FL  33176-1451

Nelson Carmenates
Daise & Carmenates, LLC
3900 West Flagler Street
Coral Gables, FL 33134